

**SIGNED this 07th day of December, 2009.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-10538-CAG |
| DAYSTAR OIL & GAS CORP. | § | |
|     Debtor. | § | CHAPTER 11 |

| | | |
|---|---|---|
| EQUITABLE INVESTORS OF TEXAS, | § | |
| LLC, ARCHER WOOD, INC., EQUITABLE | § | ADV. NO. 09-1017-CAG |
| OIL & GAS INVESTMENTS, LTD., | § | |
| JAMES R MODER CRYSTAL | § | |
| CHANDELIER, INC., AND GREYWOLF | § | |
| ENERGY, LLC, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| PAUL T. COTHRAN and LIVE OAK, | § | |
| OPERATING AND PRODUCTION, LLC, | § | |
|     Defendants. | § | |

**ORDER DENYING PAUL T. COTHRAN'S AND LIVE OAK OPERATING AND
PRODUCTION, LLC'S MOTION FOR SANCTIONS AGAINST PLAINTIFFS**

Came on to be considered on November 18, 2009, Defendants Paul T. Cothran's and

Live Oak Operating and Production Response to Court's Show Cause Order and Motion for

Sanctions Against Plaintiffs Equitable Investors of Texas, LLC, Archer Wood, Inc., Equitable

1

Oil & Gas Investments, Ltd., James R. Moder Crystal Chandelier, Inc., and Greywolf Energy, LLC (the "Motion") (Doc. #26). Plaintiffs filed a Response opposing the requested relief (Doc. #29). After hearing the argument and pleading of counsel, the Court took the matter under advisement. This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District, and is determined to be a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) (matters affecting the administration of the estate). The Court has jurisdiction pursuant to 28 U.S.C. §157 and §1334. The Court is authorized to enter final judgment in this proceeding. The following constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

Plaintiffs filed this adversary proceeding seeking recovery of their investment in oil and gas properties operated by Defendants. Plaintiffs allege multiple causes of action that include, *inter alia*, fraud, breach of contract, misrepresentation, self-dealing, conversion, and unjust enrichment. In addition, Plaintiffs sought injunctive relief against the Defendants in the form of an "Expedited Application for Temporary Restraining Order" (Doc. #7). The request for injunctive relief was filed some four months after the original complaint. The premise to the request for injunctive relief was to prevent Defendants from "operating, transferring, or receiving direct proceeds on the Kostas wells without oversight from the Court." The request for temporary restraining order was reset to August 17, 2009, to allow Plaintiffs additional time to execute service on Defendant Paul T. Cothran. At that hearing, the Court denied the Plaintiffs' Request for Temporary Restraining Order, because there was insufficient evidence (no witnesses or supporting affidavits), and there was an unresolved question of Plaintiffs' standing to bring suit. Thereafter, Plaintiffs filed an Amended Complaint in which they added and deleted defendant parties (Doc. #18).

Plaintiffs then filed an Amended Application for Temporary Restraining Order on or about October 15, 2009. The Court denied the Plaintiffs' Amended Application for Temporary Restraining Order without hearing, finding that the Application was deficient for failure to indicate if it was served on Defendants (Doc. #20). The Court also found that the Plaintiffs had not complied with Fed.R.Civ.Proc. 65(b) (made applicable to adversary proceedings under Fed.R.Bankr.Proc. 7065) by failing to file an affidavit or verified complaint showing the immediate and irreparable injury, loss, or damage, and a certification indicating what attempts Plaintiffs' counsel made in giving notice of the Application for Temporary Restraining Order or why notice would not be required.

Contemporaneous with the Court's denial of Plaintiffs' Amended Temporary Restraining Order, the Court issued its own Order to Show Cause Why Adversary Proceeding Should Not Be Dismissed for Lack of Jurisdiction because the Debtor was no longer a party to the adversary proceeding (Doc. #21). The Plaintiffs filed a Response indicating that absent the Chapter 7 Trustee's participation in the adversary proceeding (as the representative of the Chapter 7 estate), such that the estate was a party in interest, there was no basis for the adversary matter not to be dismissed (Doc. #25). Defendants also filed a Response to the Court's Show Cause Order (Doc. #26). In their Response, Defendants agreed that the Court had no jurisdiction given that the Debtor was not a party to the adversary proceeding and that the causes of action, if any, should be brought by the Debtor, and not the Plaintiffs.

In addition, the Defendants added a Motion for Sanctions in their Response to the Court's Show Cause Order against the Plaintiffs for filing frivolous and non-meritorious pleadings for which the Defendants had to respond and defend (Doc. #26). In support of their Motion for Sanctions, Defendants attached two letters detailing why the Plaintiffs' suit lacked merit and

advising Plaintiffs that sanctions would be requested should the Plaintiffs persist in their suit against Defendants. Plaintiffs filed a Response to Defendants' Motion for Sanctions (there was no separate motion for sanctions but rather a motion for sanctions and the Defendants' Response to the Court's Show Cause Order) stating that the Court had had jurisdiction of the case when it was originally filed and that the Plaintiffs' claims had merit (Doc. #29). The Plaintiffs also contended that sanctions were not warranted given the Plaintiffs' good faith assertions of claims against the Defendants and that nothing about Plaintiffs' conduct during the proceedings rose to the level of sanctions. At the hearing on the Court's Show Cause Order, Defendants produced their attorney time records in support of their contention that given the Plaintiffs' frivolous filings, Defendants should be awarded their attorneys' fees. Little other evidence was provided at the hearing other than the parties' arguments and the Court took the matter under advisement.

In reviewing the parties' pleadings as it relates to the Defendants' request for sanctions, neither party cited the statutory or procedural basis for sanctions. That said, the Court finds that the applicable rule of procedure that governs an award of sanctions in this matter is Federal Rule of Civil Procedure 11 (which is incorporated into Federal Rule of Bankruptcy Procedure 9011). Further, the Court relies upon its earlier Order Denying Plaintiff's Request For Sanctions in the matter of *In re Norman (Norman v. Norman)*, Adv. No. 08-1097 (Bankr. W.D. Texas March 2, 2009) in resolving this matter.

In *Norman*, this Court stated that:

In particular, Rule 9011, which incorporates Federal Rule of Civil Procedure 11, imposes certain requirements a party must meet in order to obtain sanctions against another party. Specifically and in relevant part, subsection (c)(1)(A) of the Rule, governing sanctions awarded at the request of a party, states:

4

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . .

The Court finds that the Defendants have failed to comply with the Rule in several ways.

First, the Motion for Sanctions was combined with the Response to the Court's Show Cause Order. It therefore did not comply with the Rule's requirement that it be filed as a motion separate from any other request or motion.

In addition, it is doubtful that the Motion for Sanctions meets the rigorous standard of specificity in the Rule's requirement that it "describe the specific conduct alleged to violate subdivision (b)" of the Rule. First, it does not state which provision of subsection (b) the Defendant contends was violated. That subsection provides a number of grounds for a violation:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

However, the Court need not decide whether the Motion for Sanctions is sufficiently specific. The motion fails to comply with Rule 9011 for a second important reason. At the hearing, Defendants' counsel did not address if he had complied with the "safe harbor" provision of the Rule, requiring the Defendants to have given at least 21 days notice of their intent to seek sanctions against the Plaintiffs, and to have given them the opportunity to correct or withdraw the pleading(s) that allegedly gives rise to the claim for sanctions. The only evidence on this point are the two letters that Defendants' counsel sent Plaintiffs' counsel that were attached to Defendants' Response to Show Cause Order. Rule 11 requires that a motion for sanctions itself, which must identify with the specific conduct alleged to be a violation, be served on the opposing party at least 21 days before it is filed. Substantial compliance with Rule 9011's safe harbor provision is not sufficient. *In re Pratt*, 524 F.3d 580 (5th Cir. 2008) (holding that informal warning letters that creditor sent to counsel for Chapter 7 debtor prior to filing its motion for Rule 9011 sanctions with the bankruptcy court did not satisfy the service requirement of Rule 9011). The Court in *Pratt* agreed with the Tenth Circuit Court of Appeals's rationale for requiring strict compliance with the Rule:

> In *Roth v. Green*, [466 F.3d 1179, 1192-93 (10th Cir. 2006),] the Tenth Circuit held that warning letters sent to the respondent in advance of filing were insufficient to comply with the service requirement. After analyzing the language of Rule 11 and the Advisory Committee Notes, the court concluded that "warning letters, such as those sent by defendants to [counsel], are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself."

[Id. at 1192.] The court went on to state:

> The reason for requiring a copy of the motion itself, rather than simply a warning letter, to be served on the allegedly offending party is clear. The safe harbor provisions were intended to "protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court." Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions."

6

*In re Pratt*, 524 F.3d at 586-87 (5th Cir. 2008) (footnotes omitted), quoting *Roth v. Green*, 466 F.3d at 1192-93 (alterations in original), in turn quoting 5A C.A. Wright & A.R. Miller, Federal Practice and Procedure §1337.2 at 722-23 (3rd ed. 2004).

This Court finds that the August 19, 2009 and October 22, 2009 letters to Plaintiffs' counsel are not "substantial compliance," let alone the strict requirement of formal service of the motion applicable in this Circuit. These letters do not equate to, nor substitute for, notice that the Defendants would seek Rule 9011 sanctions against the Plaintiffs if a particular pleading were not corrected or withdrawn within 21 days' notice.

For all the foregoing reasons, the Court finds that the Motions for Sanctions, to the extent based on Rule 9011, should be denied.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Sanctions is hereby DENIED.

# # #